FUENTES, Circuit Judge,
dissenting.
The majority concludes that the District Court for the Middle District of Pennsylvania could not direct payment of money seized from James Craig, who was convict *293 ed of wire fraud, towards a restitution order entered against him in an earlier case in the District of Rhode Island.[2] In so concluding, the majority primarily relies upon 18 U.S.C. § 3556, which provides that:
The court, in imposing a sentence on a defendant who has been found guilty of an offense shall order restitution in accordance with section 3663A, and may order restitution in accordance with section 3663. The procedures under section 3664 shall apply to all orders of restitution under this section.
18 U.S.C. § 3663 states that restitution may be ordered during sentencing, but must be directed at a victim of the offense in the present case. In vacating the District Court’s judgment, the majority emphasizes that the Rhode Island victims were not “directly and proximately harmed” by Craig’s present offense.
In my view, § 3556 is not relevant because the Pennsylvania District Court did not enter a restitution order as to Craig’s victims in Rhode Island. Nor was it required to. That restitution order had already been entered by the Rhode Island District Court. Once an order of restitution is entered, it “may be enforced by the United States ... by all ... available means.” 18 U.S.C. § 3664(m)(l)(A). In this case, when Craig’s supervised release was transferred from Rhode Island to the District Court in Pennsylvania, the Pennsylvania Court acquired jurisdiction to enforce the Rhode Island restitution order “by all ... available means,” including directing that the balance of Craig’s seized funds be used to satisfy the Rhode Island restitution order.
In rejecting the Government’s contention that the duty to oversee Craig’s supervised release conferred upon the District Court authority to direct restitution in the Rhode Island case, the majority again emphasizes that § 3663 authorizes a judgment of restitution at sentencing, but not thereafter. However, my view is that a court can direct payment not only pursuant to its own orders, but also in accord with a valid restitution order over which it has assumed jurisdiction.
The District Court in Pennsylvania assumed jurisdiction, pursuant to 18 U.S.C. § 3605, over Craig’s supervised release in the Rhode Island case.[3] The terms of Craig’s supervised release, as outlined in the judgment in the Rhode Island case, expressly provide that “[i]f this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release.... ” (App. 62 (emphasis added).) Hence, in obtaining jurisdiction over Craig’s supervised release in the case that *294 originated in Rhode Island, the District Court also obtained jurisdiction over enforcement of the restitution order that was entered in that case and was a condition of the supervised release. Moreover, the statute authorizing the transfer of jurisdiction, 18 U.S.C. § 3605, states that “[a] court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter or subchapter B or D of chapter 227.” Section 3583, which is included in subchapter D of chapter 227, details the conditions of supervised release and grants a court authority to set certain discretionary conditions of probation outlined in § 3563(b). 18 U.S.C. 3583(d). These include making “restitution to a victim of the offense under section 3556.... ” Id. § 3563(b)(2). Section 3583 also grants a court discretion, after considering certain factors, to “modify, reduce or enlarge the conditions of supervised release.... ” Id. § 3583(e)(2). Although these provisions do not speak directly to the factual scenario in this case, I read this broad grant of authority to include the power to enforce and direct payment towards an existing restitution order in a case over which jurisdiction is assumed under § 3605.
Affirming the District Court’s decision would be an efficient and proper means of providing payment to the Rhode Island victims. It avoids unnecessarily requiring those victims to pursue potentially costly legal action to obtain funds the District Court already possesses authority to direct towards the restitution. Given my conclusion that the District Court had authority to direct payment towards the valid restitution order over which it possessed jurisdiction, I must respectfully dissent from the majority’s decision.

. Following a conviction for conspiracy to commit wire fraud, the district court in Rhode Island entered an order of restitution in the amount of $58,002 and a $100 special assessment. Thereafter, during the wire fraud investigation in the Pennsylvania case, law enforcement authorities seized $16,342 of Craig's funds. After a jury convicted Craig in the Pennsylvania case, the District Court entered a judgment ordering Craig to pay $12,411 in restitution to victims in that case and a $300 special assessment. This left a balance of $3,631 in seized funds. The District Court subsequently denied Craig’s motion for return of the remaining monies and ordered that the $3,631 be directed towards satisfying the restitution order issued in the Rhode Island case.

. Jurisdiction over Craig’s supervised release was initially transferred from the District of Rhode Island to the Eastern District of Pennsylvania on August 16, 2005, pursuant to 18 U.S.C. § 3605. The Eastern District of Pennsylvania subsequently transferred jurisdiction to the Middle District of Pennsylvania on June 14, 2007.